1  DAVID C. MARCUS (CA Bar No. 158704)
   (Email: david.marcus@wilmerhale.com)
2  WILMER CUTLER PICKERING
         HALE AND DORR LLP
3  350 South Grand Avenue, Suite 2400
4  Los Angeles, California 90071
   Telephone: (213) 443-5312
5  Facsimile: (213) 443-5400

6

7  *Attorney for Defendant Tesla, Inc.*

8  *(additional counsel listed below)*

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13

| | |
|---|---|
| PETER DAWIDZIK,<br><br>Plaintiff,<br>v.<br><br>TESLA, INC.,<br><br>Defendant. | Case No.: 5:25-cv-01982-KK-SP<br><br>**DEFENDANT TESLA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**<br><br>Hearing Date:  November 6, 2025<br>Time: 9:30 a.m. PT<br>Judge:  Hon. Kenly Kiya Kato<br>Courtroom:  3 |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

ALAN SCHOENFELD (*pro hac vice forthcoming*)
(Email: alan.schoenfeld@wilmerhale.com)
RYAN CHABOT (*pro hac vice forthcoming*)
(Email: ryan.chabot@wilmerhale.com)
WILMER CUTLER PICKERING
        HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888


*Attorneys for Defendant Tesla, Inc.*

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

# TABLE OF CONTENTS

INTRODUCTION ................................................................................1

BACKGROUND ................................................................................2

ARGUMENT ....................................................................................3

I.     The Court Should Dismiss For Lack Of Personal Jurisdiction ......................3

II.    The Court Should Dismiss For Lack Of Standing ................................8

III.   The Court Should Dismiss For Failure To State A Claim ...........................14

       A.     Dawidzik Fails To State A Claim Under § 638.51 ............................14

       B.     Dawidzik Fails To State A UCL Claim ............................................17

CONCLUSION ................................................................................21

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Aviles v. Liveramp, Inc.*,
  2025 WL 487196 (Cal. Super. Ct. Jan. 28, 2025) ...................................16, 17

*Briskin v. Shopify, Inc.*,
  1035 F.4th 739 (9th Cir. 2025) (en banc)................................................. 1, 3-7

*Campbell v. Facebook Inc.*,
  77 F. Supp. 3d 836 (N.D. Cal. 2014) ...............................................................18

*Casillas v. Transitions Optical, Inc.*,
  2024 WL 4873370 (Cal. Super. Ct. Sept. 9, 2024) .......................................16

*Cassidy v. Freedom Mortgage Corp.*,
  2025 WL 2005489 (C.D. Cal. June 2, 2025).....................................................20

*Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*,
  911 F.2d 242 (9th Cir. 1990) ...........................................................................20

*Cybersell, Inc. v. Cybersell, Inc.*,
  130 F.3d 414 (9th Cir. 1997) ..............................................................................5

*Deivaprakash v. Conde Nast Digital*,
  2025 WL 2541952 (N.D. Cal. Sept. 4, 2025)................................................12

*Deivaprakash v. Conde Nast Digital*,
  2025 WL 2779193 (N.D. Cal. Sept. 30, 2025).............................................12

*Doe I v. Google LLC*,
  741 F. Supp. 3d 828 (N.D. Cal. 2024).............................................................18

*Doe v. Call-On DOC, Inc.*,
  2025 WL 1677632 (S.D. Cal. June 13, 2025) ...................................................8

*Doe v. Meta Platforms, Inc.*,
  690 F. Supp. 3d 1064 (N.D. Cal. Sept. 7, 2023) ...........................................18

*Edwards v. MUBI, Inc.*,
  773 F. Supp. 3d 868 (N.D. Cal. 2025)............................................................18

ii

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

*Eichenberger v. ESPN, Inc.*,
    876 F.3d 979 (9th Cir. 2017) .................................................................10, 14

*Gabrielli v. Haleon US Inc.*,
    2025 WL 2494368 (N.D. Cal. Aug. 29, 2025) ..............................................11

*Gabrielli v. Motorola Mobility LLC*,
    2025 WL 1939957 (N.D. Cal. July 14, 2025) .................................................8

*Hadley v. Kellogg Sales Co.*,
    243 F. Supp. 3d 1074 (N.D. Cal. 2017) ................................................19, 20

*Hodsdon v. Mars, Inc.*,
    891 F.3d 857 (9th Cir. 2018) .........................................................................19

*Hughes v. Ben & Jerry's Homemade, Inc.*,
    2025 WL 2306840 (Cal. Super. Ct. Aug. 1, 2025) ........................................8

*In re Facebook, Inc. Internet Tracking Litigation*,
    956 F.3d 589 (9th Cir. 2020) .........................................................................10

*In re iPhone Application Litigation*,
    2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) .............................................18

*In re Sequoia Benefits & Insurance Data Breach Litigation*,
    2024 WL 1091195 (N.D. Cal. Feb. 22, 2024) ..............................................19

*Jimenez v. OE Fed. Credit Union*,
    2025 WL 2402137 (N.D. Cal. Aug. 19, 2025) .............................................18

*Jones v. Ford Motor Co.*,
    85 F.4th 570 (9th Cir. 2023) .........................................................................10

*Kishnani v. Royal Caribbean Cruises Ltd.*,
    2025 WL 1745726 (N.D. Cal. June 24, 2025), *appeal filed*,
    No. 25-4452 (9th Cir. July 18, 2025) ...........................................................13

*Kwikset Corp. v. Superior Ct.*,
    51 Cal. 4th 310 (2011) ...................................................................................17

*Levings, Jr. v. Open Text Corp.*,
    2024 WL 5672082 (Cal. Super. Ct. Sept. 3, 2024) ......................................16

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

*Licea v. Hickory Farms LLC*,
      2024 WL 1698147 (Cal. Super. Ct. Mar. 13, 2024)......................................16

*Milan v. JPMorgan Chase Bank, N.A.*,
      2025 WL 1343566 (C.D. Cal. May 7, 2025)................................................20

*Millam v. Energizer Brands, LLC*,
      2022 WL 19001330 (C.D. Cal. Dec. 9, 2022)..............................................20

*Mitchener v. CuriosityStream, Inc.*,
      2025 WL 2272413 (N.D. Cal. Aug. 6, 2025), *appeal filed*,
      No. 25-4990 (9th Cir. Aug. 7, 2025) ...............................................13

*Moody v. Textron Inc.*,
      2025 WL 2025597 (C.D. Cal. July 2, 2025) ...............................................7

*Moore v. Centrelake Med. Grp., Inc.*,
      83 Cal. App. 5th 515 (2022) ...............................................18

*Nabozny v. Optio Solutions LLC*,
      84 F.4th 731 (7th Cir. 2023)...............................................9

*Pebble Beach Co. v. Caddy*,
      453 F.3d 1151 (9th Cir. 2006) ...............................................5

*Phillips v. U.S. Customs & Border Protection*,
      74 F.4th 986 (9th Cir. 2023)...............................................10

*Popa v. Microsoft Corp.*,
      -- F.4th --, 2025 WL 2448824  (9th Cir. Aug. 26, 2025) ....................  1, 8-14

*Price v. Headspace, Inc.*,
      2025 WL 1237977 (Cal. Super. Ct. Apr. 1, 2025) .......................................13

*Pulaski & Middleman, LLC v. Google, Inc.*,
      802 F.3d 979 (9th Cir. 2015) ...............................................17

*R.C. v. Walgreen Co.*,
      733 F. Supp. 3d 876 (C.D. Cal. 2024)...............................................18, 19

*Ramos v. Gap, Inc.*,
      2025 WL 2144837 (N.D. Cal. July 29, 2025) ...........................................20

iv

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

*Rodriguez v. Google LLC*,
    2021 WL 2026726 (N.D. Cal. May 21, 2021)................................................18

*Rodriguez v. Plivo Inc.*,
    2024 WL 5184413 (Cal. Super. Ct. Oct. 2, 2024)........................................16

*Rounds v. Case-Mate Inc.*,
    2025 WL 1873999 (C.D. Cal. July 2, 2025) ..................................................8

*Sanchez v. Cars.com Inc.*,
    2025 WL 487194 (Cal. Super. Ct. Jan. 27, 2025) ........................................16

*Sequeira v. United States Dep't of Homeland Security*,
    722 F. Supp. 3d 996 (N.D. Cal. 2024)...........................................................19

*Shah v. Hilton Worldwide Holdings Inc.*,
    2025 WL 1683577 (N.D. Cal. June 11, 2025)............................................7, 8

*Silver v. Stripe Inc.*,
    2021 WL 3191752 (N.D. Cal. July 28, 2021) ...............................................19

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ........................................................................18

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016)...........................................................................8, 9, 13

*TransUnion LLC v. Ramirez*,
    594 U.S. 413 (2021)......................................................................9, 10, 13

*Twitter, Inc. v. Garland*,
    61 F.4th 686 (9th Cir. 2023) ........................................................................15

**DOCKETED CASES**

*Moody v. Textron Inc.*, No. 2:25-cv-01032 (C.D. Cal.)............................................7

**STATUTES, RULES, AND REGULATIONS**

Cal. Bus. & Prof. Code
    § 17200 *et seq.* ............................................................................................14
    § 17204 ..........................................................................................................17

v

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

Cal. Civ. Code

    § 1798.100 *et seq.* ..........................................................................19

    § 1798.150(c) ...............................................................................19

Cal. Civ. Proc. Code

    § 410.10 .........................................................................................4

    § 638.50(b)..................................................................13, 14, 15, 19

    § 638.50(c)..................................................................13, 14, 15, 19

    § 638.51 .................................................................. 1, 3, 7, 12-16

    § 638.51(a) ..................................................................................14

Fed. R. Civ. P. 4(k)(1)(A) .......................................................................3

## OTHER AUTHORITIES

Restatement (Second) of Torts § 652B Am. Law Inst. 1977) .................11

Restatement (Second) of Torts § 652C (Am. Law Inst. 1977)................10

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

**INTRODUCTION**

Peter Dawidzik alleges that he once visited Tesla's website and, because of tracking scripts enabled on the site, metadata about his web browser was shared with third parties. That is all. Yet he has now sued Tesla in federal court, seeking statutory damages on behalf of a class of people who also visited Tesla's website. This frivolous complaint should be dismissed.

*First*, Dawidzik fails to allege facts establishing that there is specific personal jurisdiction over Tesla in this Court for these claims under the Ninth Circuit's recent decision in *Briskin v. Shopify, Inc.*, 135 F.4th 739 (9th Cir. 2025) (en banc). The Court therefore lacks personal jurisdiction, and the complaint should be dismissed under Rule 12(b)(2).

*Second*, Dawidzik fails to allege facts showing that he has suffered an injury analogous to one actionable at common law, as he must under the Ninth Circuit's recent decision in *Popa v. Microsoft Corp.*, -- F.4th --, 2025 WL 2448824 (9th Cir. Aug. 26, 2025). He therefore lacks standing, and the complaint should be dismissed under Rule 12(b)(1).

*Third*, Dawidzik fails to allege facts plausibly stating a claim under either of his causes of action, the California Invasion of Privacy Act (CIPA), Cal. Penal Code § 638.51, or California's Unfair Competition Law (UCL). His § 638.51 claim alleges that the website's tracking scripts amount to a "pen register" or "trap and trace device," historical law-enforcement tools that capture the telephone numbers called by or calling to a certain telephone line. But he does not plausibly allege that tracking scripts are analogous to pen registers or trap-and-trace devices: he claims only that tracking scripts send certain browser metadata to third parties, not that they capture IP addresses (which he analogizes to telephone numbers) incoming or outgoing to his browser. The only IP address is his own, provided voluntarily by visiting the website. The analogy—and so this claim—fails.

1

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

As for the UCL claim, it fails too:  with no other predicate legal violation, Dawidzik fails to state an "unlawful" prong claim; he alleges no actionable omission with particularity under Rule 9(b) for a "fraudulent" prong claim; and his "unfairness" prong claims falls with the other two.

No amendment could cure these deficiencies.  What Dawidzik allegedly experienced is simply, and irremediably, not a basis for his causes of action.  So if the Court reaches the merits of the pleadings, it should dismiss with prejudice.

## BACKGROUND

The entire basis of Dawidzik's claims and alleged injury is that he once "visited the Website" www.tesla.com.  Compl. ¶ 15.  He alleges nothing about his visit except that he "was in California" at the time.  *Id.*  Dawidzik claims that Tesla "has purposefully directed its activities to consumers in California by, *inter alia*, regularly engaging with them through the Website," *id*. ¶ 21, but he does not allege that Tesla engaged or interacted with *him* in any way through its website.

Instead Dawidzik alleges that Tesla's website uses so-called "pixel" tracking scripts that "transmit[] data from the user's browser to a third-party server." Compl. ¶ 5.  When he visited the website, his browser initiated an HTTP request to Tesla's web server, which hosts the website.  *Id.* ¶ 35.  His "IP address … is transmitted automatically as part of the HTTP request header."  *Id.* ¶ 51.  The server then transmitted an HTTP response.  *See, e.g.*, *id.*  That response, Dawidzik alleges, included "third-party tracking scripts."  *Id.* ¶ 36.  His browser executed those scripts and thereby transferred certain information to the servers of third parties (not Tesla), allegedly Google, X, and Optimizely.  *See id.* ¶ 8.  The third parties, he claims, use this information "to profile users and facilitate targeting advertising."  *Id.* ¶ 36.

The "information" that Dawidzik's browser allegedly transfers is "IP addresses, browser and device type, screen resolution, operating system, pages

2

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

visited, session duration, scroll depth, mouse movements, click behavior[,] referring URLs, unique identifiers (such as cookies and ad IDs), and geolocation based on IP." Compl. ¶ 9; *see also id.* ¶¶ 5, 10, 38-41 (alleging that an IP address is "a numerical identifier assigned to each device or network"). He does not allege any content was shared with the third parties by the tracking script; this is all "*non-content* metadata." *Id.* ¶ 10 (emphasis added).

Dawidzik asserts two causes of action: a violation of California Penal Code § 638.51 and a derivative California Unfair Competition Law claim. Dawidzik does not allege any injury that he has suffered. Instead, he alleges that "Courts have found that violations of CIPA give rise to concrete injuries sufficient to confer standing under Article III." Compl. ¶ 33. He also alleges generally that the "conduct alleged herein constitutes a violation of a legally protected privacy interest" and that "[i]nvasions of privacy have long been actionable under common law." *Id.* ¶ 32. Elsewhere, he alleges that the "monetization of personal data constitutes actionable economic harm under federal law, even without evidence of a direct financial loss, as a 'misappropriation-like injury' caused by converting user data into a revenue stream through targeted advertising." *Id.* ¶ 58.

Tesla now moves to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2), lack of subject matter jurisdiction under Rule 12(b)(1), and failure to state a claim under Rule 12(b)(6).

## ARGUMENT

## I.    The Court Should Dismiss For Lack Of Personal Jurisdiction

Dawidzik fails to allege facts establishing personal jurisdiction over Tesla for his claims. No "federal statute confers personal jurisdiction," so the Court applies "the law of the state in which the district court sits—here, California." *Briskin v. Shopify, Inc.*, 135 F.4th 739, 750 (9th Cir. 2025) (en banc) (citing Fed. R. Civ. P. 4(k)(1)(A)). "The California long-arm statute, Cal. Civ. Proc. Code

3

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

§ 410.10, provides for personal jurisdiction to the maximum extent that the Fourteenth Amendment's Due Process Clause allows." *Id.* Consistent with due process, a "nonresident corporation may be subject to either general or specific personal jurisdiction." *Id.* Dawidzik does not allege that Tesla has such continuous and systematic contacts with California to render it essentially at home here and subject to general jurisdiction (and it does not), so there must be specific personal jurisdiction over Tesla for these claims in order for this action to proceed.

Courts in the Ninth Circuit "analyze specific personal jurisdiction under a three-part test":

(1)  The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2)  the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3)  the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Briskin*, 135 F.4th at 750-751. Dawidzik "bears the burden of satisfying the first two prongs of the test." *Id.* at 751. "For claims sounding in tort, like the privacy and data use violations [Dawidzik] asserts here, we most often employ a purposeful direction analysis." *Id.* The "purposeful direction test requires that the defendant (1) commit an intentional act, that is (2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." *Id.*

In *Briskin*, the Ninth Circuit analyzed how this purposeful-direction test applies in the internet age. Briskin alleged that he made an internet purchase from

4

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

a website that used Shopify's payment platform and, as a result, Shopify installed a tracking cookie on his device that enabled it to track Briskin's behavior across Shopify client websites, including his "geolocation data" and "where the transaction was completed." 135 F.4th at 747-748.  Briskin "allege[d] that Shopify knew that the consumer is in California before it actually transacts the payment process because its software secures geolocation information when the consumer clicks on an item to simply view it on [the store's] website." *Id.* at 756 n.13.  Thus, "Shopify allegedly committed its tortious activity knowing Briskin's device was in California." *Id.* at 756 n.12.  The parties did not dispute that this alleged conduct was intentional and caused Briskin harm that Shopify knew would be suffered in California (the first and third elements of purposeful direction); they disputed only whether Shopify expressly aimed conduct at the State of California.  *See id.* at 756.

Holding that Shopify did so, the en banc Ninth Circuit affirmed its "principle of requiring 'something more' ["than just a foreseeable effect," *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1158 (9th Cir. 2006), of a "passive" or "interactive" website, *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997)] to demonstrate 'express aiming,'" which "has been carefully developed by our court over almost three decades, applying it to new and evolving forms of technology, which continue to change." 135 F.4th at 758 n.16 (rejecting concurrence's suggestion to overrule the "something more" requirement).  In *Briskin*, the en banc Court found "something more" "because Shopify allegedly knew the location of consumers like Briskin either prior to or shortly after installing its initial tracking software onto their devices." *Id.* at 756.[1]  So the first specific-personal-jurisdiction requirement was met.  The Court then also held that "Briskin's claims 'arise out

---

[1]    *Briskin* also held that no "differential targeting" was required—that is, Shopify need not have targeted California more than any other State, as long as Briskin's claims did arise out of its targeting California. *See id.* at 757-758.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

of'" Shopify's contact with Briskin's device, which Shopify allegedly knew was in California, and fair play and substantial justice were satisfied.  *See id.* at 760-761.

Under *Briskin*, Dawidzik fails to allege specific jurisdiction over Tesla for his claims.  Dawidzik alleges nothing beyond the mere fact that he "was in California when he visited the Website."  Compl. ¶ 15.  But *Briskin* expressly disavowed "look[ing] only to where [the plaintiff] was located at the time" to subject a defendant to specific personal jurisdiction.  135 F.4th at 756 n.12. Dawidzik states that Tesla "has purposefully directed its activities to consumers in California," but alleges in support only "on information and belief" that Tesla did so by allegedly "regularly engaging with them through the Website."  Compl. ¶ 21. Even accepting that allegation as true, it fails to establish specific personal jurisdiction over Tesla for *Dawidzik's* claims, which do not "arise out of" Tesla's engaging with consumers through its website.  Dawidzik does not allege that Tesla "engaged with him" through its website—for instance, he does not allege that he ordered anything or entered any information.  This is not a chatbot case.  He alleges only that he "visited" it when he "was in California."  Compl. ¶ 15.  That is insufficient.  *Briskin*, 135 F.4th at 756 n.12.

Most importantly, the key fact from *Briskin* is absent:  *Briskin* turned on the fact that "Shopify allegedly knew the location of consumers like Briskin either prior to or shortly after installing its initial tracking software onto their devices." 135 F.4th at 756.  Not so here.  Dawidzik alleges that when he accessed the website, his browser initiated an HTTP request, and the web server that hosts the website sent the tracking scripts as part of its HTTP response—in other words, immediately, before Tesla could know anything about Dawidzik at all.  *See* Compl. ¶¶ 35-36.  His only allegation about his location is that his IP address can be used to "approximate" or "infer" his device's "general location," but then only "via external geolocation services."  *Id.* ¶¶ 9, 38-39, 41-42, 62.  He does not allege

Tesla took that step, and his allegations show that Tesla could *not* have taken it "prior to or shortly after" the website deployed the tracking script. How could Tesla "have expressly aimed its conduct at the forum state through its embedded software if one of the purposes is to identify where a visitor is located"? *Moody v. Textron Inc.*, 2025 WL 2025597, at *4 (C.D. Cal. July 2, 2025) [*Moody I*] (dismissing for lack of personal jurisdiction). Moreover, the tracking script allegedly sends information to third parties, not to Tesla. *See* Compl. ¶ 36. "Plaintiffs do not allege that Defendant collects data directly," and "[t]his is important because *Briskin* emphasized the fact that the defendant—not a third-party—'knew the location of consumers like Briskin either prior to or shortly after installing its initial tracking software onto their devices.'" *Shah v. Hilton Worldwide Holdings Inc.*, 2025 WL 1683577, at *2 (N.D. Cal. June 11, 2025) (quoting *Briskin*, 135 F.4th at 756) (dismissing for lack of personal jurisdiction); *Moody v. Textron Inc.*, No. 2:25-cv-01032, slip op. (C.D. Cal. Sept. 24, 2025), ECF No. 34 [*Moody II*] at 9 ("These allegations rely on the acts not just of Defendant, but of the Data Companies, which cannot be the basis of personal jurisdiction.") (dismissing again for lack of personal jurisdiction).

Dawidzik's allegations therefore fail to satisfy the second and third elements of purposeful direction: that Tesla's intentional act was "(2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." *Briskin*, 135 F.4th at 751. Accordingly, he fails to satisfy the first two requirements for specific jurisdiction, on which he bears the burden: (1) purposeful direction and (2) that his claim arises out of it. *See id.*

Following *Briskin*, courts have dismissed pixel tracking cases including under § 638.51 against nonresident defendants that allege nothing "more" than an in-state consumer's visit to their website that allegedly deploys a pixel tracker. *See Moody II* at 7 ("Here, the SAC alleges no reason for the contact between Plaintiff

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

and Defendant other than Plaintiff's own choice to utilize the website …."); *Rounds v. Case-Mate Inc.*, 2025 WL 1873999, at *8 (C.D. Cal. July 2, 2025) (dismissing amended complaint for lack of personal jurisdiction, without leave to amend); *Moody I*, 2025 WL 2025597, at *4; *Hilton Worldwide Holdings Inc.*, 2025 WL 1683577, at *2; *Hughes v. Ben & Jerry's Homemade, Inc.*, 2025 WL 2306840, at *4 (Cal. Super. Ct. Aug. 1, 2025).

In contrast, courts have found specific personal jurisdiction over nonresidents for these claims only when "something more" was alleged. *See Gabrielli v. Motorola Mobility LLC*, 2025 WL 1939957, at *8 (N.D. Cal. July 14, 2025) (finding personal jurisdiction because defendant "purposefully designed its website to target and collect data from California users, including by claiming compliance with California law in its Privacy Statement" and "knowingly collected the data of California residents because its website allegedly collected IP addresses and geolocation data that revealed where the users resided").[2]  Dawidzik alleges only visiting Tesla's website while in California.  That is not enough.

Dawidzik fails to carry his burden to establish specific personal jurisdiction, and his complaint should be dismissed under Rule 12(b)(2).

## II.    The Court Should Dismiss For Lack Of Standing

Dawidzik lacks standing to pursue his claims.  Among other things, standing requires that a plaintiff has suffered an injury in fact that is concrete.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  "A 'concrete' injury 'must actually exist'; put differently, it must be 'real, and not abstract.'"  *Popa v. Microsoft Corp.*, -- F.4th --, 2025 WL 2448824, at *3 (9th Cir. Aug. 26, 2025) (quoting *Spokeo*, 578

---

[2]    *Cf. Doe v. Call-On DOC, Inc.*, 2025 WL 1677632, at *8 (S.D. Cal. June 13, 2025) (dismissing for lack of specific personal jurisdiction because plaintiff failed to allege even that she was in California, but concluding in dicta that, if plaintiff was, there would be specific personal jurisdiction over telehealth provider who allegedly intercepted personal health information that users input into the website).

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

U.S. at 340).  "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 U.S. at 341.

In its recent published decision *Popa*, the Ninth Circuit explained that the Supreme Court has "identified history as the touchstone for concreteness." *Popa*, 2025 WL 2448824, at *4 (citing *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430-431 (2021)).  Specifically, "courts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *TransUnion*, 594 U.S. at 424 (quoting *Spokeo*, 578 U.S. at 341).  "That inquiry asks whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *Id.*  It focuses on "the match between the injury that they allegedly experienced and the kinds of harms that were actionable at common law." *Popa*, 2025 WL 2448824, at *4. Although the Ninth Circuit has not adopted either approach to this test from other courts of appeals,[3] *Popa* explained that "these approaches all share an important feature:  they look to the *specific* underlying harm experienced by the plaintiff and compare it, in detail, to a *specific* common-law tort." *Id*. (emphasis original); *see also id.* at *5 ("*TransUnion* contemplates a standing inquiry particularized to a plaintiff's circumstances and benchmarked to a specific tort ….").

For statutory privacy claims like Dawidzik's, *Popa* expressly rejected a "broad theory that the common law protected privacy rights" as a basis for standing.  2025 WL 2448824, at *6 (citing *TransUnion*, 594 U.S. at 425); *see also Nabozny v. Optio Sols. LLC*, 84 F.4th 731, 735 (7th Cir. 2023) (rejecting a "bare invasion-of-privacy" theory).  "In short," *Popa* held, "there existed no free-

---

[3]    The two approaches are "whether a plaintiff's harm satisfies each element required to state a common-law cause of action" and "whether the harm experienced by a plaintiff is similar in kind to a harm protected by one of the common-law privacy torts." *Id.*

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

roaming privacy right at common law but rather four discrete torts that protected specific kinds of privacy-related harms": intrusion upon seclusion, appropriation of another person's name or likeness, publicity given to another person's private life, and publicity that places one in a false light.  2025 WL 2448824, at *6.  To confer standing, a harm must be "similar to those protected by these torts."  *Id.*[4]

Dawidzik's alleged harms are decidedly not "similar."  There is nothing alleged that is arguably like publicity given to another person's private life, or publicity that places one in a false light.  As for appropriation of another person's name or likeness, Dawidzik conclusorily states that the "monetization of personal data constitutes actionable economic harm under federal law, even without evidence of a direct financial loss, as a 'misappropriation-like injury' caused by converting user data into a revenue stream through targeted advertising."  Compl. ¶ 58; *see also id.* ¶ 121.  But common-law misappropriation applied only to someone's "name or likeness."  Restatement (Second) of Torts § 652C cmt. a (Am. Law Inst. 1977) ("The interest protected by the rule stated in this Section is the interest of the individual in the exclusive use of his own identity, *in so far as it is*

---

[4]     *Popa* synthesized two post-*TransUnion* Ninth Circuit decisions, *Jones v. Ford Motor Co.*, 85 F.4th 570 (9th Cir. 2023), and *Phillips v. U.S. Customs & Border Protection*, 74 F.4th 986 (9th Cir. 2023).  It acknowledged that two pre-*TransUnion* cases, *Eichenberger v. ESPN, Inc.*, 876 F.3d 979 (9th Cir. 2017), and *In re Facebook, Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020), "might have arguably offered at the time some support for the position that Popa now advances," but explained that "that analysis finds no support in *TransUnion*." *Popa*, 2025 WL 2448824, at *7.  The *Popa* Court concluded, however, that it "need not revisit *Eichenberger* and *In re Facebook* in reaching our decision today," even though it "might analyze [the statutes at issue there] differently today, especially after the Supreme Court's decision in *TransUnion*," because "[d]espite the broad statements made therein, those decisions still accounted for the individual circumstances giving rise to the plaintiffs' alleged injuries rather than simply greenlighting a per se rule for privacy statutes."  *Id.* at *8.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

*represented by his name or likeness* ….." (emphasis added)).  Dawidzik does not

allege that Tesla used the name "Peter Dawidzik" or his likeness anywhere.  He

does not allege that pixel tracking scripts capture his name or his likeness at all.

That leaves intrusion upon seclusion.  Again, *Popa* is dispositive.  "To show

intrusion upon seclusion, a plaintiff must show 'an intentional interference with his

interest in solitude or seclusion, either as to his person or as to his private affairs or

concerns, *of a kind that would be highly offensive to a reasonable man*.'"  2025

WL 2448824, at *5 (emphasis in *Popa*) (citing, *inter alia*, Restatement (Second) of

Torts § 652B cmt. a (Am. Law Inst. 1977)).  Dawidzik alleges no facts showing

how the collection of "IP addresses, browser and device type, screen resolution,

operating system, pages visited, session duration, scroll depth, mouse movements,

click behavior[,] referring URLs, unique identifiers (such as cookies and ad IDs),

and geolocation based on IP" (Compl. ¶ 9) "caused [him] to experience any kind of

harm that is remotely similar to the 'highly offensive' interferences or disclosures

that were actionable at common law." *Popa*, 2025 WL 2448824, at *5.

Dawidzik "identifies no embarrassing, invasive, or otherwise private

information collected by" the alleged pixel trackers.  *Popa*, 2025 WL 2448824, at

*5.  His allegations are completely unlike the Restatement example of intrusion on

seclusion that *Popa* relies on, where "'A … rents a room in a house adjoining B's

residence, and for two weeks looks into the windows of B's upstairs bedroom

through a telescope taking intimate pictures with a telescopic lens.'" *Id.* (quoting

Restatement (Second) of Torts § 652B cmt. b, illus. 2).  Nor does it involve either

of the "particular circumstances" in which internet tracking "*could* be offensive"

according to *Popa*, namely tracking "involving sensitive medical or financial

information." *Id.*; *cf. Gabrielli v. Haleon US Inc.*, 2025 WL 2494368, at *7 (N.D.

Cal. Aug. 29, 2025) (finding standing in pixel tracker case after *Popa* for "websites

involv[ing] healthcare" with "likely more sensitive" information).[5]  In sum, Dawidzik alleges nothing like the required traditional harm.

Comparing Dawidzik's allegations to those in *Popa* proves the point.  There, session-replay technology could recreate a user's entire website visit, yet the Court held that it did not cause harm analogous to common-law intrusion on seclusion.  *Popa*, 2025 WL 2448824.  Popa alleged that the session-reply technology provided its third-party provider Microsoft with her date of visit, device type, browser type, operating system, country, mouse movements, screen swipes, text inputted, and scroll depth; it showed that she viewed a certain product and, because she entered her delivery information, showed her mailing address minus only street number and zip code.  Those allegations include much of the information that Dawidzik alleges was collected (including "browser and device type, … operating system, pages visited, session duration, scroll depth, mouse movements, click behavior[,] …, and geolocation based on IP," Compl. ¶ 9), *but also* even more personal information like street address and products viewed.  In other words, Dawidzik alleges nothing even as intrusive as Popa did, let alone more.

Nor could Dawidzik do so.  Dawidzik expressly alleges that the pixel trackers collect and transmit only "non-content metadata."  Compl. ¶ 10.  That is not by accident:  it is essential to his § 638.51 claim because pen registers and trap-

---

[5]    Tesla disagrees with this decision under *Popa*; but in any event, it is readily distinguishable because it concerned a healthcare website.  Tesla is aware of one other post-*Popa* pixel decision that considers only *statutory* standing, but then cursorily states in dicta that pixel tracker allegations "likely satisfy" Article III standing requirements under *In re Facebook*, which the court states without explanation "remains good law."  *Deivaprakash v. Conde Nast Digital*, 2025 WL 2541952, at *4 n.4 (N.D. Cal. Sept. 4, 2025); *Deivaprakash v. Conde Nast Digital*, 2025 WL 2779193, at *1 (N.D. Cal. Sept. 30, 2025) (denying reconsideration because "*Popa* concerned Article III standing, not statutory standing," but still stating that, for Article III, "*Facebook* controls here").  This dicta is incorrect.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

and-trace devices by definition do *not* record or capture "the contents of a communications." Cal. Penal Code § 638.50(b), (c); *see also Price v. Headspace, Inc.*, 2025 WL 1237977, at *3 (Cal. Super. Ct. Apr. 1, 2025) (sustaining demurrer to § 638.51 claim because plaintiff alleged tracking scripts collected content). So his claim is doomed to fail: "If Defendant only collects information regarding the 'metadata' of the communication, Plaintiff's right to privacy is not invaded because he has no expectation of privacy as to that type of data (e.g., his IP address or general geographic location). If Defendant instead collects content information from communication between the parties (e.g., information provided from Plaintiff to Defendant directly), then the [pixel] software is not a trap and trace device [or pen register] and § 638.50 does not apply." *Mitchener v. CuriosityStream, Inc.*, 2025 WL 2272413, at *5 (N.D. Cal. Aug. 6, 2025) (dismissing complaint), *appeal filed*, No. 25-4990 (9th Cir. Aug. 7, 2025); *Kishnani v. Royal Caribbean Cruises Ltd.*, 2025 WL 1745726, at *1 (N.D. Cal. June 24, 2025) (same), *appeal filed*, No. 25-4452 (9th Cir. July 18, 2025). Thus Dawidzik does not, and cannot, allege a concrete injury.

What Dawidzik does allege about his injury, *Popa* considered and held is not actionable.

*First*, he alleges that "Courts have found that violations of CIPA give rise to concrete injuries sufficient to confer standing under Article III." Compl. ¶ 33 (citing, *inter alia*, *In re Facebook*). Mere violation of CIPA is not enough: "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 U.S. at 341. As *Popa* explained when rejecting such an argument, "that analysis reverts to a pre-*TransUnion* (even pre-*Spokeo*) approach that favors a legislative body's views in the aggregate over a plaintiff's individual circumstances," whereas "*TransUnion* clearly cautions courts not to treat an injury

13

1  as 'concrete' for Article III purposes based only on [the legislature's] say-so."
2  *Popa*, 2025 WL 2448824, at *5.

3      *Second*, he alleges that "[i]nvasions of privacy have long been actionable
4  under common law."  Compl. ¶ 32 (citing, *inter alia*, *Eichenberger v. ESPN*); *see*
5  *also id.* ¶ 13 (general "privacy rights").  That allegation makes the other mistake
6  that *Popa* rejects:  relying on a "broad theory that the common law protected
7  privacy rights," "pitched at a high level of generality."  *Popa*, 2025 WL 2448824,
8  at *6.  This is insufficient.  An analogy to "discrete privacy torts (not a general
9  right to privacy)" is required, *id.* at *7, and Dawidzik cannot make one.

10     Dawidzik lacks a concrete injury and so lacks standing.  This Court should
11 dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1).

12 **III.    The Court Should Dismiss For Failure To State A Claim**

13     Dawidzik's allegations do not state a claim under California Penal Code
14 § 638.51 or the UCL, California Business & Professions Code § 17200 *et seq.*

15     **A.    Dawidzik Fails To State A Claim Under § 638.51**

16     Section 638.51(a) provides that "a person may not install or use a pen
17 register or trap and trace device without first obtaining a court order."  "'Pen
18 register' means a device or process that records or decodes dialing, routing,
19 addressing, or signaling information transmitted by an instrument or facility from
20 which a wire or electronic communication is transmitted, but not the contents of a
21 communication."  Cal. Penal Code § 638.50(b).  "'Trap and trace device' means a
22 device or process that captures the incoming electronic or other impulses that
23 identify the originating number or other dialing, routing, addressing, or signaling
24 information reasonably likely to identify the source of a wire or electronic
25 communication, but not the contents of a communication."  *Id.* § 638.50(c).

26     Dawidzik's allegations of how pixels operate fail to state a claim that they
27 constitute pen registers or trap-and-trace devices.  As Dawidzik summarizes it, "a

28

pen register records outgoing dialing information, while a trap and trace device records incoming dialing information."  Compl. ¶ 27; *see also, e.g.*, *Twitter, Inc. v. Garland*, 61 F.4th 686, 691 n.2 (9th Cir. 2023) ("Pen registers and trap and trace devices, respectively, capture the phone number associated with an outgoing or incoming call (or other communication) on a given communication line."). "Historically, law enforcement has utilized these devices to monitor telephone calls, with pen registers recording outgoing numbers dialed from a specific line and trap and trace devices recording incoming call numbers to that line."  Compl. ¶ 28. Nevertheless, Dawidzik contends that the statute restricting use of these devices can be applied to modern web browsers.  In his analogy, his web browser is the telephone line, and the pixel tracker is the pen register and trap-and-trace device.

That analogy does not work.  In it, what constitutes the phone numbers dialed out, or dialing in?  All that Dawidzik's web browser "dials out" is its IP address.  *See, e.g.*, Compl. ¶¶ 39, 42-43, 51.  That is the only alleged outgoing "dialing, routing, addressing, or signaling information."  Cal. Penal Code § 638.50(b).  That Dawidzik voluntarily provided his own IP address to Tesla in order to visit its website, however, is entirely unlike Tesla surreptitiously installing a pen register to capture what third-party phone numbers Dawidzik calls.  Nor does the analogy work for a trap-and-trace device:  deploying pixel tracking scripts on its website does not allow Tesla to "capture[]" anything "*incoming*" to Dawidzik's web browser at all, let alone something that lets Tesla "identify the originating number or other … information reasonably likely to identify the source."  Cal. Penal Code § 638.50(c) (emphasis added).  Even if § 638.51 applied to incoming

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

or outgoing information other than phone numbers,[6] Dawidzik does not plausibly allege that pixel trackers constitute pen registers and trap-and-trace devices.

Instead, Dawidzik alleges that the pixel tracker allows third parties (not Tesla) to learn information about his web browser:  its "IP addresses, browser and device type, screen resolution, operating system, pages visited, session duration, scroll depth, mouse movements, click behavior[,] referring URLs, unique identifiers (such as cookies and ad IDs), and geolocation based on IP."  Compl. ¶ 9. That is not analogous to a pen register or trap-and-trace device.  Pen registers and trap-and-trace devices do not provide their users with information about the target's telephone.  They do not, for example, identify someone's telephone number, what kind of telephone they have, how loud their call volume is, what telephone communication provider they use, or from where they called or were called.  They capture what numbers are called out and call in.  That is simply not what Dawidzik alleges pixel tracking scripts do, not even by analogy.

A California Superior Court decision reached a similar conclusion earlier this year.  In *Aviles v. Liveramp, Inc.*, the plaintiff brought a § 638.51 claim identical to Dawidzik's.  2025 WL 487196 (Cal. Super. Ct. Jan. 28, 2025).  The defendant demurred, and the court sustained it.  The court explained that the "analog of the number dialed by a telephone here is the IP address and related information of a website accessed by a computer—but not the computer's own IP address or identifying information."  *Id.* at *2.  "Plaintiff does not allege that the [tracking script]—or any other software installed on users' devices by the

---

[6]    Courts have held that it does not.  *See, e.g.*, *Sanchez v. Cars.com Inc.*, 2025 WL 487194, at *3 (Cal. Super. Ct. Jan. 27, 2025); *Rodriguez v. Plivo Inc.*, 2024 WL 5184413, at *2 (Cal. Super. Ct. Oct. 2, 2024); *Levings, Jr. v. Open Text Corp.*, 2024 WL 5672082, at *4 (Cal. Super. Ct. Sept. 3, 2024); *Casillas v. Transitions Optical, Inc.*, 2024 WL 4873370, at *4-5 (Cal. Super. Ct. Sept. 9, 2024); *Licea v. Hickory Farms LLC*, 2024 WL 1698147, at *3 (Cal. Super. Ct. Mar. 13, 2024).

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

Website—collects the outgoing addressing information from visitors' devices or browsers." *Id.* Thus, the plaintiff "has not alleged the use of a pen register." *Id.* "Nor has Plaintiff alleged the use of a trap and trace device," the court continued. *Id.* at *3. "Plaintiff at most alleges that Defendant's Website collects the IP addresses and other information of visitors incoming to the website—the equivalent of if Defendant had used a trap and trace device on its *own* website, rather than on Plaintiff's device." *Id.* Altogether, "[w]ithout alleging that Defendant installed software on *Plaintiff's* device or browser that collected incoming contact information to *Plaintiff's* device, Plaintiff has not alleged anything above and beyond how the internet normally works." *Id.*[7] Just so here.

## B.    Dawidzik Fails To State A UCL Claim

The Court should dismiss Dawidzik's UCL claim for several reasons.

*First*, Dawidzik does not allege facts sufficient to show his *statutory* standing to sue under the UCL. UCL claims may only be brought by "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204; *see Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 986 n.6 (9th Cir. 2015); *Kwikset Corp. v. Super. Ct.*, 51 Cal. 4th 310, 320 (2011). Plaintiffs' allegations must "'(1) establish a loss or deprivation of money or property sufficient to qualify as an injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim.'" *Pulaski*, 802 F.3d at 986 n.6 (quoting *Kwikset*, 51 Cal. 4th at 322).

Dawidzik does not do so. Indeed, he seems to acknowledge that he is "without evidence of a direct financial loss." Compl. ¶ 58. That using pixel trackers allegedly benefited Tesla and third parties (*id.* ¶ 61) does not mean that it

---

[7]    The court granted leave to amend, which the plaintiff did; but when the defendant demurred again, the plaintiff requested dismissal rather than oppose.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

caused Dawidzik to lose money or property. For one thing, information about Dawidzik's web browser is not "money or property" at all. *See, e.g., Doe I v. Google LLC*, 741 F. Supp. 3d 828, 845 (N.D. Cal. 2024); *Rodriguez v. Google LLC*, 2021 WL 2026726, at *8 (N.D. Cal. May 21, 2021) (opining that "no federal court has wedged individual digital data into the UCL's 'money or property' box"); *Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014); *In re iPhone Application Litig.*, 2011 WL 4403963, at *14 (N.D. Cal. Sept. 20, 2011). For another, even if "personal data" did "constitute[] digital property with measurable economic value," Compl. ¶ 121, which Tesla disputes, Dawidzik does not allege that he has *lost* any such personal data—just that it was shared with third parties.[8] "[W]ithout … direct financial loss," Compl. ¶ 58, Dawidzik is without statutory UCL standing too.

*Second*, Dawidzik fails to allege that he lacks an adequate remedy at law, as he must to pursue equitable relief under the UCL in federal court. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (affirming dismissal of UCL claim where the "operative complaint does not allege that [the plaintiff] lacks an adequate legal remedy"); *see also, e.g., Edwards v. MUBI, Inc.*, 773 F. Supp. 3d 868, 885 (N.D. Cal. 2025) (dismissing UCL claim for this reason).

---

[8]    Nowhere in the complaint does Dawidzik allege that the alleged value of his web browser information was diminished by anything Tesla did—but even if he did, such an allegation would not suffice for UCL standing. *See, e.g., R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876, 904 (C.D. Cal. 2024) ("Courts in this circuit have dismissed cases where, like here, the injury is based on 'the loss of the inherent value of their personal data.'" (citing *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1089 (N.D. Cal. Sept. 7, 2023) (collecting cases))); *Jimenez v. OE Fed. Credit Union*, 2025 WL 2402137, at *7 (N.D. Cal. Aug. 19, 2025); *see also Moore v. Centrelake Med. Grp., Inc.*, 83 Cal. App. 5th 515, 538 (2022) (finding "lost-value-of-PII theory, as pleaded, is insufficient to support UCL standing").

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

1    *Third*, Dawidzik fails to allege facts giving rise to a plausible claim for relief

2    under each of the UCL's unlawful, unfair, or fraudulent prongs.

3    Dawidzik fails to state an "unlawful" prong claim. His "unlawful" prong

4    claim is primarily based on alleged violations of California Penal Code §§ 638.50

5    to 638.56. *See* Compl. ¶ 117(a). Because he fails to "state a claim under the

6    predicate law," however, his unlawful-prong UCL "claim also fails." *Hadley v.*

7    *Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1094 (N.D. Cal. 2017). Dawidzik

8    secondarily mentions a violation of the California Consumer Privacy Act (CCPA),

9    California Civil Code § 1798.100 *et seq.*, *see* Compl. ¶ 117(b), but that statute

10   provides that "[n]othing in this title shall be interpreted to serve as the basis for a

11   private right of action under any other law," Cal. Civ. Code § 1798.150(c). *See,*

12   *e.g.*, *Silver v. Stripe Inc.*, 2021 WL 3191752, at *7 (N.D. Cal. July 28, 2021)

13   (dismissing UCL claim based on CCPA, which "on its face states that consumers

14   may not use the CCPA as a basis for a private right of action under any statute");

15   *In re Sequoia Benefits & Ins. Data Breach Litig.*, 2024 WL 1091195, at *8 (N.D.

16   Cal. Feb. 22, 2024) (same); *see generally Sequeira v. United States Dep't of*

17   *Homeland Sec.*, 722 F. Supp. 3d 996, 1008-09 (N.D. Cal. 2024) (explaining that

18   "'the UCL cannot be used to state a cause of action the gist of which is absolutely

19   barred under some other principle of law,'" and that "[s]uch a bar can come from

20   the statutory language itself," giving the CCPA as an example (citation omitted)).

21   Next, Dawidzik fails to state a "fraudulent" prong claim. His theory is one

22   of fraudulent omission—that Tesla failed to disclose its website's use of tracking

23   scripts. *See* Compl. ¶ 120. But he does not allege facts plausibly making this

24   alleged omission actionable. "To be actionable, an omission must be 'contrary to a

25   representation actually made by the defendant, or an omission of a fact the

26   defendant was obliged to disclose.'" *R.C. v. Walgreen Co.*, 733 F. Supp. 3d 876,

27   903 (C.D. Cal. 2024) (quoting *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865 (9th Cir.

28

19

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

2018)). Dawidzik alleges neither—no contrary representations by Tesla, no obligation by Tesla to disclose the facts allegedly omitted—and certainly not with the particularity required for fraud claims. *See, e.g.*, *Cassidy v. Freedom Mortg. Corp.*, 2025 WL 2005489, at *6 (C.D. Cal. June 2, 2025) (noting fraud prong UCL claims are subject to Rule 9(b)'s particularity requirements, and dismissing claim).

Finally, since Dawidzik fails to state an "unlawful" or "fraudulent" prong claim, his "unfair" prong claim based on the same allegations also fails. The "unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive." *Hadley*, 243 F. Supp. 3d at 1105 (collecting cases); *see also Milan v. JPMorgan Chase Bank, N.A.*, 2025 WL 1343566, at *6 (C.D. Cal. May 7, 2025); *Millam v. Energizer Brands, LLC*, 2022 WL 19001330, at *7 (C.D. Cal. Dec. 9, 2022).

*          *          *

Dawidzik's failure to state a claim is not curable. What he allegedly experienced is simply not actionable under § 631.50 or the UCL. The "pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (affirming dismissal without leave to amend where the conduct alleged was "not actionable," so "no amendment would have been able to cure this defect"). Rather, these facts are "in search of a legal theory that can be stretched to cover" them. *Ramos v. Gap, Inc.*, 2025 WL 2144837, at *9 (N.D. Cal. July 29, 2025) ("Particularly given the expansive implications of Plaintiff's theory, the Court expects more from counsel than the scattershot and vague assertions presented here. Both the FAC and Plaintiff's opposition to the motion to dismiss read as if counsel is continuously shapeshifting in search of a legal theory that can be stretched to cover the facts of this case."). Leave to amend is unnecessary here. Dismissal under Rule 12(b)(6) should be with prejudice.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

**CONCLUSION**

For these reasons, the Court should dismiss Dawidzik's complaint.

Respectfully submitted,

Dated: October 3, 2025

/s/ *David C. Marcus*
DAVID C. MARCUS
(CA Bar No. 158704)
(Email: david.marcus@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5312
Facsimile: (213) 443-5400

ALAN SCHOENFELD
(*pro hac vice forthcoming*)
(Email: alan.schoenfeld@wilmerhale.com)
RYAN CHABOT
(*pro hac vice forthcoming*)
(Email: ryan.chabot@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888

*Attorney for Defendant Tesla, Inc.*

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP

## LOCAL RULE 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Tesla, Inc., certifies that this brief contains 6,669 words, which complies with the word limit of L.R. 11-6.1.

Dated: October 3, 2025                    /s/ *David C. Marcus*

                                                David C. Marcus

22

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**
*Dawidzik v. Tesla, Inc.*, Case No. 5:25-cv-01982-KK-SP